IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FIELD MCCONNELL,

    Petitioner,

v.

NANCY HOVE, Sheriff,
Pierce County Jail,

    Respondent.

OPINION AND ORDER

20-cv-136-wmc

Field McConnell is a pretrial detainee presently incarcerated at the County Jail in Pierce County, Wisconsin, awaiting extradition to Florida on a felony warrant for stalking. A friend acting on McConnell's behalf has filed a petition for a writ of habeas corpus, asking this court to release McConnell from custody on the ground that the Florida charges are unfounded and that the Pierce County deputies had no grounds to arrest him.

Petitioner filed his petition "Under 28 U.S.C. § 2241; 2254." (Pet. (Dkt. #1).) Section 2254 applies to a person in custody under a state court judgment, but petitioner has not yet had a trial and therefore is not under a state court judgment. Rather, he is a pretrial detainee. "Challenges to pretrial custody are appropriate only under 28 U.S.C. § 2241, not 28 U.S.C. § 2254." *Rittmiller v. Sawyer Cty. Circuit Court*, No. 05-C-093-C, 2005 WL 1813014, at *1 (W.D. Wis. Aug. 1, 2005). Therefore, this court will treat the petition as being brought under § 2241.

"Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (unpublished). The requirement that a § 2241 petitioner exhaust state-court remedies is not specified in § 2241 but is a "judicially crafted" requirement based on comity. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). To exhaust state court remedies, a petitioner must "use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck v. Waukesha Cty.*, 48 F. Supp. 2d 859, 860 (E.D.Wis. 1999). The exhaustion requirement may be excused, however, "where unreasonable delay would result or there is no reasonable prospect of petitioner receiving relief." *Davis v. Spoden*, No. 09–cv–002–bbc, 2009 WL 249973, at *2 (W.D. Wis. Feb. 2, 2009).

A review of publicly-available records in this case shows that on February 13, 2020, the Circuit Court for Pierce County denied petitioner's request to quash the extradition warrant and remanded him to the sheriff for relinquishment to the State of Florida. *State v. McConnell*, Pierce County Case No. 2019CF226, Order, Feb. 13, 2020 (docket available at https://wcca.wicourts.gov). On February 19, 2020, petitioner appealed that decision to the Wisconsin Court of Appeals, which has not yet issued a ruling. *Id.*, Not. of Appeal Transmittal, Feb. 20, 2020. Petitioner has offered no grounds in his petition to find that unreasonable delay will result or that there is no reasonable prospect of him receiving relief

2

if he is required to exhaust his state court remedies. Therefore, the petition will be dismissed, without prejudice, for lack of exhaustion.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on behalf of petitioner Field McConnell is DISMISSED without prejudice for petitioner's failure to exhaust his state court remedies.

Entered this 26th day of February, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge